IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES OJI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-364-WKW |
| | ) [WO] |
| AUBURN UNIVERSITY | ) |
| MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Auburn University Montgomery's ("AUM") Motion to Dismiss (Doc. # 9), which is accompanied by a Brief in Support (Doc. # 10). Plaintiff Charlie Oji filed a Response (Doc. # 12), opposing the motion, and also filed a Motion to Amend the Complaint (Doc. # 13). For the reasons to follow, AUM's motion is due to be granted, and Mr. Oji's motion is due to be denied.

### I. JURISDICTION AND VENUE

The parties do not dispute subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367; nor do the parties contest personal jurisdiction or venue. There are adequate allegations in support of each.

### II. BACKGROUND

In Counts I and II of the Complaint, Mr. Oji alleges that AUM violated his due process and equal protection rights, as protected by the Fourteenth Amendment and enforced through 42 U.S.C. § 1983. In Count III, Mr. Oji also brings a claim for breach

of contract under Alabama law. "[T]he gravamen of Mr. Oji's [C]omplaint is to require AUM to perform [its] legal duty as set forth in the handbook relating to discipline of students in the Cytotechnology Program at AUM, namely to provide him with a warning concerning his alleged deficiencies and reinstate him in the program." (Doc. # 12, at 2-3.) As relief, Mr. Oji requests reinstatement, monetary damages, costs and attorney's fees.

### III. DISCUSSION

**A.    AUM's Motion to Dismiss**

AUM argues that as a state agency, it has immunity from suit under the Eleventh Amendment.[1] Because AUM is correct, it is not necessary to address AUM's additional grounds for dismissal.

"[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment[,]" unless the state consents to or waives the immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* at 100; *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (The Eleventh Amendment bars claims against state agencies for "money damages or prospective injunctive relief." (citing *Pennhurst*, 465 U.S. at 100)). It also applies "regardless of

---

[1] "An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction." *Seaborn v. Fla. Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998). A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the subject matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Here, AUM attacks the sufficiency of the Complaint on its face. In a facial attack, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true." *Id.*

whether the claim is based on state law or federal law." *Flood v. Ala. Dep't of Indus. Relations*, 948 F. Supp. 1535, 1542 (M.D. Ala. 1996) (citing *Pennhurst*, 465 U.S. at 910-11).

Mr. Oji wisely has not disputed that AUM is a state agency. *See Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985) ("The Alabama Supreme Court has held on at least two occasions that state universities . . . are agencies or instrumentalities of the state."). Nor is there any dispute that neither exception to Eleventh Amendment immunity (*i.e.*, state waiver and congressional abrogation) applies in this case. Because AUM is a state agency, the Eleventh Amendment protects it from all liability under § 1983 and state law. Hence, AUM's Motion to Dismiss is due to be granted based upon Eleventh Amendment immunity.

**B.      Mr. Oji's Motion to Amend the Complaint**

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) gives a plaintiff the right to "amend [his] pleading once as a matter of course . . . before being served with a responsive pleading[.]" Fed. R. Civ. P. 15(a). "For Rule 15 purposes, a motion to dismiss is not a responsive pleading." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). When a plaintiff who has the right to amend the complaint as a matter of course instead moves for leave to amend, the plaintiff waives his right to amend as a matter of course. *See id.* This means that leave of the court must be obtained, although leave should be freely given

when justice so requires. *See id.* at 870; *see also* Fed. R. Civ. P. 15(a)(2). A motion to amend, however, need not be granted when the amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A proposed amendment is futile "when the complaint as amended would still be properly dismissed." *Coventry First*, 605 F.3d at 870 (internal quotation marks and citation omitted).

Mr. Oji has not previously amended his Complaint, and AUM has not filed a responsive pleading. Mr. Oji could have amended his Complaint as a matter of course, pursuant to Rule 15(a). By failing to do so, Mr. Oji's request is governed by Rule 15(a)(2)'s general precepts.

Mr. Oji has not submitted a proposed amendment to the Complaint or described the nature of the proposed amendment. Mr. Oji, however, has suggested that the purpose of the amendment would be to correct pleading deficiencies as to the merits of his claims against AUM. (Doc. # 12, at 5.) Importantly, no reason has been offered, and none can be envisioned, that would save Mr. Oji's claims against AUM from dismissal based upon Eleventh Amendment immunity, an inquiry that is separate and distinct from the inquiry on the merits. Mr. Oji's Motion to Amend the Complaint, therefore, will be denied.

## IV. ORDER

Accordingly, it is ORDERED that

(1) AUM's Motion to Dismiss (Doc. # 9) is GRANTED based upon Eleventh Amendment immunity, and that all claims against AUM are DISMISSED with prejudice; and

(2) Mr. Oji's Motion to Amend the Complaint (Doc. # 13) is DENIED.

A final judgment will be entered separately.

DONE this 21st day of June, 2010.

                                            /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE